1  THOMAS M. MCINERNEY, CA Bar No. 162055
   tmm@ogletree.com
2  HEIDI G. KIM, CA Bar No. 306641
   heidi.kim@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  One Embarcadero Center, Suite 900
   San Francisco, CA 94111
5  Telephone:   415-442-4810
   Facsimile:   415-442-4870
6
   Attorneys for Defendants
7  ENTELO, INC. and JON BISCHKE

8

# UNITED STATES DISTRICT COURT

9

# NORTHERN DISTRICT OF CALIFORNIA

10

11 | ZACHARY DETWILER, | Case No.
12 |       Plaintiff, | **DEFENDANTS ENTELO, INC. AND JON BISCHKE'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**
13 |    v. |
14 | ENTELO, INC., a Delaware corporation; JON BISCHKE, an individual, |
15 | | Complaint Filed: June 22, 2021
   | | Trial Date: None Set
16 |       Defendant. |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ZACHARY DETWILER, AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Entelo, Inc. ("Entelo") and Jon Bischke (collectively, "Defendants"), by and through undersigned counsel, hereby remove this action from the Superior Court of the State of California for the County of San Francisco ("State Court") to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

## I. THE STATE COURT ACTION

1. On June 22, 2021, Plaintiff Zachary Detwiler ("Plaintiff") filed an unverified Complaint in the State Court, commencing this action entitled *Zachary Detwiler v. Entelo, Inc., a Delaware Corporation; and Jon Bischke, an individual; and Does 1 through 25, inclusive*, Case No. CGC-21-592811.

2. On or about August 20, 2021, Plaintiff served a Notice and Acknowledgement of Receipt with the Summons and Complaint, Alternative Dispute Resolution ("ADR") Information Package, and Notice to Plaintiff of Case Management Conference to Entelo. The Complaint asserts claims for: (1) Employment Discrimination and Retaliation in Violation of the California Labor Code; (2) Wrongful Termination in Violation of Public Policy; (3) Breach of Contract; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Failure to Pay Wages and Related Penalties in Violation of the California Labor Code; (6) Violation of Fair Day's Pay Act; and (7) Non-Payment of Overtime Wages in Violation of the Fair Labor Standards Act – Liquidated Damages. True and correct copies of the Summons and Complaint, ADR Information Package, and Notice to Plaintiff of Case Management Conference are attached hereto as Exhibit "A."

3. On or about August 30, 2021, Plaintiff provided a Notice of Acknowledgement of Receipt with the Summons and Complaint, and ADR Information Package to Bischke.

4. On September 9, 2021, Entelo served an executed copy of the Notice and Acknowledgement of Receipt to Plaintiff. On September 20, 2021, Bischke served an executed copy of the Notice and Acknowledgement of Receipt to Plaintiff.

1     Case No.
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

5. On October 7, 2021, Entelo and Bischke both timely filed their Answer in State Court. A true and correct copy of their Answer to the Complaint is attached hereto as Exhibit "B." Defendant believes Exhibits A and B constitute the entirety of the process, pleadings, and orders served upon Defendants in this action. *See* 28 U.S.C. § 1446(a). The case was timely removed pursuant to 28 U.S.C. § 1446(b)(2)(B).

6. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California, County of San Francisco and the Clerk of the Northern District of California. True and correct copies of the Notice to the Plaintiff and the State Court shall be filed promptly.

## II. <u>VENUE</u>

7. The Superior Court of the State of California, County of San Francisco, is located within the territory of the Northern District of California. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. § 84(c)(1) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. <u>GROUNDS FOR REMOVAL</u>

8. "The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 8 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. This action arises under the laws of the United States because Plaintiff brings claims under the Fair Labor Standards Act of 1938. 29 U.S.C. § 201, *et seq.* ("FLSA"). Through his seventh cause of action, Plaintiff alleges that Defendants violated the FLSA by failing to pay Plaintiff overtime wages for all hours worked. (*See* Complaint ¶¶ 48-55.)

10. In asserting claims against Defendants for violations of the FLSA, the Complaint itself presents questions of federal law. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (FLSA actions are removable to federal court); *Hernandez v. Martinez,* No. 12-CV-06133-LHK, 2014 WL 3962647, at *3 (N.D. Cal. Aug. 13, 2014) ("a FLSA cause of action raises a

federal question"). Plaintiff's FLSA claims are therefore removal to this Court based on federal-question jurisdiction. *See* 28 U.S.C. § 1331; *Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

11. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over state law claims that form part of the same case or controversy under Article III. State and federal claims form part of the same constitutional "case" when they derive from a common nucleus of operative fact" and are such that "considered without regard to their federal or state character … [plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (holding the federal court has discretion to exercise pendent jurisdiction over the state claim based upon state law if the state-created claim and the federal claim derive from a common nucleus of operative fact, and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding); 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *see Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995) ("The statute extends the jurisdiction of the federal district court to all claims sufficiently related to the claim on which its original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution … A loose factual connection between the claims is generally sufficient."). This Court has supplemental jurisdiction over Plaintiff's state law claims as they arise out of and are related to the same underlying allegations on which Plaintiff bases his seventh cause of action for failure to pay overtime wages pursuant to the FLSA and Plaintiff would ordinarily be expected to try them all in one judicial proceeding. In other words, Plaintiff's FLSA and state law claims are both premised upon his allegation that Defendant failed to pay him all wages owed. Federal courts in California have held that supplemental jurisdiction exists over state wage-and-hour claims of the type alleged here

where federal question jurisdiction is based on FLSA claims. *See Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 3021042 (N.D. Cal. July 17, 2017) (supplemental jurisdiction exists over plaintiff's state law wage statement and reimbursement claims because, as with his FLSA claims, they arise out of defendant's conduct towards plaintiff in his capacity as an employee). Here, all of Plaintiff's claims pertain to his allegations as to pay issues arising from his employment with Entelo. The Ninth Circuit and district courts even exercise supplemental jurisdiction over state discrimination claims when a FLSA claim is alleged. *Mpoyo v. Litton Electronic Optical Systems*, 430 F.3d 985, 987 (9th Cir. 2005) (an employee's Title VII claims, alleging racial discrimination by his former employer and his FLSA claim, seeking unpaid overtime from the same employer, shared a common nucleus of facts because "both sets of [plaintiff's] claims ar[ose] from [employer's] conduct while [plaintiff] was an employee" and because the Title VII and FLSA claims "form[ed] a convenient trial unit that disclose[d] a cohesive narrative."); *see also Escriba v. Foster Poultry Farms*, No. 1:09-CV-1878 OWW MJS, 2011 WL 4565857, at *1, *9 (E.D. Cal. Sept. 29, 2011), *aff'd sub nom. Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014) ("The complaint in this action alleges federal question jurisdiction under 28 U.S.C. § 1331 [based on the FMLA]. . . . Here, supplemental jurisdiction exists over Plaintiff's Cal. Labor Code claim for unpaid wages."). If supplemental jurisdiction exists over state discrimination claims when a FLSA claim is alleged, it certainly also exists over state wage-hour claims. Therefore, this Court has supplemental jurisdiction over the state law claims alleged in Plaintiff's Complaint, which are so related to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a). Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law not predominate over the claims over which this court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Accordingly, the Court may exercise supplemental

jurisdiction over Plaintiff's remaining claims, making the entire action removable to this Court based on federal-question jurisdiction.

## IV. SATISFACTION OF PROCEDURAL REQUIREMENTS

12. Defendants believe Exhibits A and B constitute the entirety of the process, pleadings and orders served upon Defendants in this action. *See* 28 U.S.C. § 1446(a). The case was timely removed pursuant to 28 U.S. § 1446(b)(3).

13. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California, County of San Francisco and the Clerk of the Northern District of California. Notice of Compliance shall be filed promptly afterwards with this Court.

14. Further, in accordance with Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15, Entelo concurrently files its Disclosure Statement and Certification of Interested Parties or Persons.

## V. CONCLUSION

For the foregoing reasons, Defendants hereby remove the above-entitled action to the United States District Court for the Northern District of California.

DATED: October 8, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Thomas M. McInerney*
THOMAS M. MCINERNEY
HEIDI G. KIM

Attorneys for Defendants
ENTELO, INC. and JON BISCHKE

48256031.2