# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ENTELO, INC., a Delaware corporation; JON BISCHKE, an individual; and
DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ZACHARY DETWILER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es:)* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| SAN FRANCISCO COUNTY SUPERIOR COURT<br>400 McAllister Street<br>San Francisco, CA 94102 | **CGC-21-592811** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bryan J. McCormack
McCormack Law Firm
80 E. Sir Francis Drake Blvd., Suite 3G Larkspur, CA 94939

| DATE: **07/13/2021** | Clerk, by | **JACKIE LAPREVOTTE** | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1   Bryan J. McCormack, Cal. Bar No. 192418
       Email: *bryan@mcelawfirm.com*
2   MCCORMACK LAW FIRM
    80 E. Sir Francis Drake Blvd., Suite 3G
3   Larkspur, CA 94939
    Tel:    (415) 925-5161
4   Fax:    (415) 651-7837
5
    Attorney for Plaintiff ZACHARY DETWILER
6

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**06/22/2021**
**Clerk of the Court**
BY: JACKIE LAPREVOTTE
Deputy Clerk

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                IN AND FOR THE COUNTY OF SAN FRANCISCO

9                    CIVIL – UNLIMITED JURISDICTION

10                                                          **CGC-21-592811**

11  ZACHARY DETWILER,                    Case No.

12          Plaintiff,                   **COMPLAINT FOR DAMAGES**

13      vs.                              **(1) EMPLOYMENT DISCRIMINATION AND
                                             RETALIATION IN VIOLATION OF THE
14                                           CALIFORNIA LABOR CODE**
    ENTELO, INC., a Delaware corporation; JON
15  BISCHKE, an individual; and DOES 1 through   **(2) WRONGFUL TERMINATION IN
    25, inclusive,                               VIOLATION OF PUBLIC POLICY**
16
            Defendants.                  **(3) BREACH OF CONTRACT**
17
                                         **(4) BREACH OF IMPLIED COVENANT OF
18                                           GOOD FAITH AND FAIR DEALING**

19                                       **(5) FAILURE TO PAY WAGES AND RELATED
                                             PENALTIES IN VIOLATION OF THE
20                                           CALIFORNIA LABOR CODE**

21                                       **(6) VIOLATION OF FAIR DAY'S PAY ACT**

22                                       **(7) NON-PAYMENT OF OVERTIME WAGES IN
                                             VIOLATION OF THE FAIR LABOR
23                                           STANDARDS ACT – LIQUIDATED
                                             DAMAGES**
24

25

26

27

28

- 1 -

COMES NOW plaintiff ZACHARY DETWILER (hereinafter "Plaintiff") and alleges as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff is informed and believes that defendant ENTELO, INC. is a registered Delaware corporation doing business in the State of California, with its principal place of business in San Francisco, California.

2.      Plaintiff is informed and believes that at all times herein mentioned, Defendant JON BISCHKE, the founder of ENTELO, INC., was an owner, director, officer and/or managing agent of ENTELO, INC. and was vested with decision-making authority.  He was Chief Executive Officer and member of the Board of Directors from the start of Plaintiff's employment until approximately May 2020; and thereafter continued to be and currently is an owner and member of the Board of Directors of ENTELO, INC.

3.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 25, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by defendants.

4.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants named herein was the agent and employee of the remaining defendants and was acting within the course and scope of said agency and employment.

### FACTUAL ALLEGATIONS

5.      On October 29, 2018, Defendants hired Plaintiff and employed him as an Enterprise Account Manager.  Defendants paid Plaintiff a salary of $122,500 per year plus a bonus/commission plan with on-target earnings of $245,000.  In this position, Plaintiff primarily engaged in selling Defendants' recruitment software and services to businesses.  Defendants hired and initially trained Plaintiff in San Francisco, California.

6.      Although he occasionally traveled for work, Plaintiff spent the vast majority of his time

working inside the office performing sales-related duties.

7.     Due to Plaintiff's outstanding performance, Defendants promoted Plaintiff to Global Account Manager on September 1, 2019.  In this position, Plaintiff continued to primarily perform the same sales duties inside the office, but concentrated on larger Fortune 500 clients. His base salary and on-target earnings stayed the same.

8.     Throughout his employment with Defendants, Plaintiff signed various Sales Commission Plans, which provided the formula for calculating his commissions.  The most recent commission plan contained a provision pertaining to large-value deals that provided that an employee's compensation could be altered under certain circumstances before the contract was executed by the parties.  The relevant portions of the Commission Plan are provided below:

> Large Value deal review. If ARR [Annual Recurring Revenue] from a new or existing contract about to be signed is more than $1 million (or such other amount as may be set by the Company's VP of Finance), the draft version of the contract, along with calculations supporting margin, profitability and compensation must be sent for review and approval by the Company's Board of Directors *before the contract is executed by both parties*. This process may result in alteration to pricing, deal value and potentially compensation

(Emphasis added.)

9.     In December 2019, Plaintiff was responsible for acquiring the largest deal in the company's history.  Based on Defendants' Commission Plan, Plaintiff was entitled to receive $946,287 in commissions for that deal alone.  However, after the contract was executed by both parties, Defendants informed Plaintiff that rather than paying him the full value of his commission for that deal, they would instead pay him $137,752 in commissions.  When he asked why he would not receive the full amount of his commissions, Defendants claimed they had discretion to pay him less commissions pursuant to the "Large Value deal review" provision in the commission plan, even though that provision only allowed revisions to compensation before execution of the client contract. Even more surprisingly, Defendants claimed the large deal did not qualify for quota, and thus failed to pay Plaintiff his full commissions on subsequent deals.

10.    From approximately January 2020 to May 2021, Plaintiff made numerous requests for his past-due commissions, but Defendants failed to pay him such.

11.    In early April 2021, Defendants, through their joint employer Professional Employer Organization ("PEO"), asked Plaintiff to sign a new employment agreement and arbitration clause. Pursuant to the employment agreement, Plaintiff was required to acknowledge that he was a probationary employee for ninety days after he signed the agreement.  As Plaintiff was hired in 2018, he requested that Defendants delete that provision, but Defendants refused to do so.

12.    On April 27, 2021 at 4:39 p.m. EST, Defendants' representative sent an email to Plaintiff stating that she could not change the employment agreement to remove the probationary period provision and said, "Let me know if you'd prefer to have a call to discuss further." Approximately thirty minutes later, before Plaintiff had a chance to call her, Defendants' representative emailed Plaintiff terminating his employment under the guise that he resigned.

## FIRST CAUSE OF ACTION
### EMPLOYMENT DISCRIMINATION AND RETALIATION
### IN VIOLATION OF THE CALIFORNIA LABOR CODE (SECTIONS 98.6 AND 1102.5)
### (Against Defendant Entelo, Inc.)

13.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

14.    Under Labor Code section 1102.5, subdivision (b), an employer may not discriminate or retaliate against an employee who discloses information "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

15.    Under Labor Code section 98.6, an employer may not discriminate or retaliate against an employee who complains about an employer's violations of the Labor Code and/or an employer's unlawful wage practices.

16.    Defendants wrongfully and unlawfully retaliated against Plaintiff for complaining about Defendants' refusal to pay Plaintiff his earned commissions.  At the time Plaintiff made the complaints, Plaintiff had reasonable cause to believe that his complaints concerned violations of state or federal law or regulations.

17.    Defendants' unlawful practices as outlined herein directly contravene Labor Code

- 4 -

sections 98.6 and 1102.5, subdivision (b), which is more fully set forth in the preceding paragraphs of this complaint.

18.     As a proximate result of Defendants' retaliatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that he has suffered loss of wages, benefits, and additional damages.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages all in an amount within the jurisdiction of this court, according to proof at time of trial.

19.     As a further proximate result of Defendants' retaliatory actions against Plaintiff as alleged above, Plaintiff has been harmed in that he has suffered humiliation, emotional and physical distress, and he has been injured in mind and body, all in an amount within this Court's jurisdiction, according to proof at time of trial.

## SECOND CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
**(Against Defendant Entelo, Inc.)**

20.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

21.     Defendants' termination of Plaintiff's employment contravened the well-established, fundamental and substantial public policy of California law as embodied in Labor Code sections 98.6 and 1102.5, and California common law, that an employer may not retaliate against an employee for the employee's disclosure of reasonably based suspicions of violations of a state or federal statute, a violation of or noncompliance with a local, state, or federal rule or regulation, or because the employee requests wages lawfully due to him.

22.     Defendants wrongfully and unlawfully imposed adverse employment actions upon Plaintiff because of his complaints about unpaid wages.  Defendants terminated Plaintiff's employment because he complained to Defendants about their unlawful conduct of refusing to pay Plaintiff all wages due.

23.     Defendants' unlawful practices as outlined herein were in direct contravention of fundamental public policies, as more fully set forth in the preceding paragraphs of this complaint.

24.     As a proximate result of Defendants' retaliatory and discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered loss of wages, benefits,

- 5 -

1   and additional damages.  As a result of such retaliation and consequent harm, Plaintiff has suffered

2   such damages, all in an amount within this Court's jurisdiction, according to proof at time of trial.

3       25.     As a further proximate result of Defendants' retaliatory and discriminatory actions

4   against Plaintiff, as alleged above, Plaintiff has been harmed in that he has suffered humiliation,

5   emotional and physical distress, and has been injured in mind and body, all in an amount within the

6   jurisdiction of this court, according to proof at time of trial.

7       26.     Defendants and their managers, officers, owners, supervisors or agents acted

8   oppressively, fraudulently, maliciously and in willful and conscious disregard of Plaintiff's rights, and

9   caused intentionally, or in reckless disregard of, the probability of causing injury and emotional

10  distress to Plaintiff.  Defendants were informed of the oppressive, fraudulent and malicious conduct of

11  their employees, managers, officers, supervisors and agents, and ratified, approved and authorized

12  such conduct.  Therefore, Plaintiff is entitled to an award of punitive damages in an amount

13  conforming to proof at trial.

14
15              ### THIRD CAUSE OF ACTION
                #### BREACH OF CONTRACT
                **(Against Defendant Entelo, Inc.)**
16

17      27.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

18      28.     Plaintiff has performed all the conditions, covenants, and promises required of him by

19  Defendants to meet the terms and conditions of the written, oral and implied employment agreements

20  between the parties, including the written commission plan.

21      29.     Defendants breached the agreements by refusing to pay Plaintiff all wages due and

22  payable to him.

23      30.     As a direct and legal result of Defendants' breach of written, oral and implied contract

24  as herein alleged, Plaintiff has suffered, and will continue to suffer, past and future economic losses

25  related to all earnings to which he is entitled under the contract but was not paid, plus consequential

26  damages, all in an amount within this Court's jurisdiction, according to proof at time of trial.

27      \\\

28      \\\

# FOURTH CAUSE OF ACTION
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
**(Against Defendant Entelo, Inc.)**

31.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

32.     The aforementioned employment relationship between Plaintiff and Defendants was based on an agreement that, in exchange for services rendered by Plaintiff, Defendants would pay him a salary, commissions and other employment benefits.  This agreement between Plaintiff and Defendants contained an implied covenant of good faith and fair dealing by which Defendants were duty bound and obligated to do nothing that would injure Plaintiff's right to receive the benefits of the employment agreement.  Specifically, the covenant of good faith and fair dealing, which California law implies in every contract and which creates legal duties apart from any terms agreed to by the parties, requires that:

    a.   Defendants give full cooperation to Plaintiff in the performance of his duties so that he could perform in a satisfactory manner;

    b.   Each party to the agreement refrain from doing any act which would prevent or impede the other from performing any and all conditions of the agreement;

    c.   Defendants refrain from engaging in unfair acts which would impede or prevent Plaintiff's enjoyment of the fruits of his contributions and work effort; and

    d.   Defendants deal fairly, honestly and reasonably with Plaintiff in the performance of his duties and in all matters related to the employment agreement.

33.     Defendants breached this covenant of good faith and fair dealing by proceeding on a course of conduct that prevented Plaintiff from receiving all outstanding commissions from Defendants.  In addition to the aforementioned acts, this course of conduct included, but was not limited to refusing to pay Plaintiff all commissions due during his employment and terminating his employment in order to avoid paying him past-due commissions.  Defendants generally and at all times placed their own interests above Plaintiff's interests.

34.     Defendants breached this covenant of good faith and fair dealing by the aforementioned acts, all in violation of policies, representations and promises made to Plaintiff, without considering Plaintiff's interest and his justifiable reliance on the representations and promises

- 7 -

made to him.

35.     As a direct and proximate result of Defendants' aforementioned unlawful conduct, Plaintiff has suffered, and continues to suffer, damages and economic losses, which were foreseeable to Defendants at the time of their unlawful conduct, all in an amount within this Court's jurisdiction, according to proof at time of trial.

36.     Defendants and each of them, in committing the acts herein alleged, engaged in conduct that caused Plaintiff to incur damages as set forth in this complaint.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES AND RELATED PENALTIES**
**IN VIOLATION OF THE CALIFORNIA LABOR CODE**
**(SECTIONS 201; 203; 218.5; 226, SUBDIVISION (a))**
**(Against All Defendants)**

37.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

38.     During his employment with Defendants, Plaintiff was not paid all wages, including commissions, owed to him under his employment agreements with Defendants. In total, Plaintiff estimates that Defendants failed to pay him approximately $840,000 in commissions.

39.     Under Labor Code section 201, if an employer "discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 203 authorizes an employee to sue for penalties in an amount equal to the former employee's daily wages for up to 30 days if an employer willfully failed to pay any wages due to the employee at the time of separation from employment (or within 72 hours if the employee tenders a resignation).

40.     Defendants failed to pay Plaintiff all of the wages and benefits, including commissions, to which he was entitled at the time of his employment separation.  Defendants' failure to pay Plaintiff wages was willful in nature as set forth in the applicable authority governing Labor Code section 203, and warrants the imposition of the 30-day wage penalty.

41.     Labor Code section 226, subdivision (a) provides that each employer must furnish each of his or her employees an accurate itemized statement in writing that shows, among other things, the total hours worked by the employee and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  Labor Code section

226, subdivision (e) provides that an employee injured by his employer's "knowing and intentional failure . . . to comply with subdivision (a) is entitled to recover the greater of actual damages or $50 for the initial violation; $100 for each subsequent violation per employee per violation, not to exceed $4,000; and an award of costs and reasonable attorneys' fees. Defendants failed to provide timely, accurate and complete itemized wage statements to Plaintiff as required under Labor Code section 226, subdivision (a), including, but not limited to, failure to accurately reflect the total number of hours worked.

42. In addition, Plaintiff is entitled to recover reasonable attorneys' fees, costs of suit, and interest and penalties on the unpaid amounts pursuant to Labor Code sections 218.5.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF FAIR DAY'S PAY ACT**
**(LABOR CODE SECTION 558.1)**
**(Against All Defendants)**

43. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44. California Labor Code § 558.1(a) provides that "[a]ny employer or other person acting on behalf of an employer, who violates, [any of the enumerated Labor Code sections], may be held liable for such violation."

45. Labor Code § 558.1(b) defines the term "other person acting on behalf of an employer" as "a natural person who is an owner, director, officer, or managing agent of the employer."

46. As alleged above, Defendants violated California Labor Code §§ 201, 203, 218.5, and 226.

47. Plaintiff alleges that Defendant JON BISCHKE is the owner, director, officer and/or managing agents of Defendant ENTELO, INC. and is jointly liable for the violations of the Labor Code alleged above.

**SEVENTH CAUSE OF ACTION**
**NON-PAYMENT OF OVERTIME WAGES**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT – LIQUIDATED DAMAGES**
**(Against All Defendants)**

48. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49.     At all relevant times herein, Plaintiff's employment with Defendants was subject to the provisions of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, by virtue of Defendants' direct involvement in interstate commerce.  (29 U.S.C. § 201, et seq.)

50.     Section 203, subdivision (s) states that the FLSA applies to all entities, institutions or businesses which employ persons involved in interstate commerce and whose annual gross volume of sales is not less than $500,000.  Plaintiff alleges Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" as those terms are defined in the statute and as interpreted by courts, and therefore Defendants are subject to, and must comply with, the FLSA.

51.     The FLSA requires all employees to be paid overtime compensation for work performed in excess of 40 hours per week unless specifically exempted by the law.  (29 U.S.C. § 207.)

52.     Although Plaintiff was not exempt during his employment with Defendants, Defendants knowingly caused and permitted Plaintiff to regularly work in excess of 40 hours per week without paying Plaintiff one and one-half times Plaintiff's regular rate of pay.  Defendants were fully aware of the hours worked by and the duties assigned to Plaintiff.

53.     By not paying overtime compensation in compliance with the FLSA, Defendants violated Plaintiff's rights under the FLSA.  (29 U.S.C. § 201, et seq.)

54.     Defendants intentionally and with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper pay, and thus Defendants are liable to Plaintiff for liquidated damages in an amount equal to unpaid overtime compensation, pursuant to section 216, subdivision (b) of the FLSA.  (29 U.S.C. § 216, subd. (b).)

55.     Plaintiff was required to retain an attorney for bringing this action and is entitled to an award of reasonable attorneys' fees pursuant to section 216, subdivision (b) of the FLSA.  (29 U.S.C. § 216, subd. (b).)

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For a money judgment representing compensatory and consequential damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.     For a money judgment for emotional distress, according to proof;

3.     For an award of punitive damages, according to proof;

4.     For unpaid wages, overtime compensation, commissions, waiting time penalties, wage statement penalties and other applicable penalties;

5.     For liquidated damages in the amount of the unpaid overtime compensation, pursuant to section 216, subdivision (b) of the FLSA;

6.     For an award of appropriate attorneys' fees and costs associated with this lawsuit pursuant to Labor Code sections 218.5, FLSA and any other applicable law;

7.     For costs of suit;

8.     For prejudgment and post-judgment interest;

9.     For an injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint; and

10.     For any other relief that is just and proper.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues, except for attorneys' fees and costs.

Date:   June 22, 2021                                        MCCORMACK LAW FIRM

By: Bryan J. McCormack, Esq.
Attorney for Plaintiff ZACHARY DETWILER

- 11 -



**Superior Court of California, County of San Francisco
Alternative Dispute Resolution
Information Package**



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.   In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

> \*\*<u>Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint</u>\*\*

**WHAT ARE THE ADR OPTIONS?**

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1)   MANDATORY SETTLEMENT CONFERENCES**

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

**2)  MEDIATION**

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience  requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco  Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional  malpractice, insurance coverage,  toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court will coordinate assignment of cases for the program.  There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C)  PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

**3)  ARBITRATION**

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A)  JUDICIAL ARBITRATION**

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication  that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule  4.1 allows  for mediation  in lieu of judicial arbitration,  so long  as the parties  file a stipulation  to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

**(B)  PRIVATE ARBITRATION**

Although not currently a part of the court's ADR program, civil disputes may also be  resolved  through private   arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

**HOW DO I PARTICIPATE IN ADR?**

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution

400 McAllister Street, Room 103-A, San Francisco, CA 94102

415-551-3869

Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT.  YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*)

*FOR COURT USE ONLY*

TELEPHONE NO.:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____ |
| | **DEPARTMENT 610** |

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session.  Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available  to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no  equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this  program.  www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court  judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐   **Other ADR process** (describe) _____

**2)   The parties agree that the ADR Process shall be completed by (date):** _____

**3)   Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____          _____
Name of Party Stipulating                                           Name of Party Stipulating

_____          _____
Name of Party or Attorney Executing Stipulation          Name of Party or Attorney Executing Stipulation

_____          _____
Signature of Party or Attorney                                     Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant          ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____          Dated: _____

☐ *Additional signature(s) attached*

ADR-2  10/18                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **NOV-24-2021**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**